

UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUANN LUTZ, previously known as LUANN CONNORS,<br>437 Belvidere Street, Apt. F-3<br>Nazareth, PA 18064-2325<br>  Plaintiff<br><br>  v.<br><br>JOAN L. ZAUN, as Administratrix for<br>The Estate of MICHAEL J. CONNORS,<br>Deceased, c/o Fox Rothschild LLP<br>10 Sentry Parkway, Suite 200<br>PO Box 3001<br>Blue Bell, PA 19422-3001<br>  Defendant<br>and<br><br>MUNICH REINSURANCE AMERICA, INC.<br>AS SPONSOR OF THE MUNICH<br>REINSURANCE AMERICA, INC. SAVINGS<br>PLAN 094050, c/o the Plan Administrator<br>Vanguard Group, Inc. 555 College Road<br>East, Princeton, New Jersey 08543,<br>  Defendant<br>and<br><br>Vanguard Group, Inc. Plan Administrator of<br>the Munich Reinsurance America Inc.<br>Savings Plan 094050<br>100 Vanguard Blvd, Malvern, PA 19355<br>PO Box 1101, Valley Forge, PA 19482<br>  Defendant | No. 11-6674<br><br>FILED<br>OCT 25 2011<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff alleges:

## JURISDICTION AND SUBJECT MATTER

1. This is an action pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Plaintiff seeks an adjudication of her rights and entitlement to retirement benefits provided or made available to her as the designated beneficiary by her prior spouse.

2. This Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S. § 2201 et seq. and the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1132(a)(3)(B)(ii) and § 1132(e).

## PARTIES

3. Plaintiff, LuAnn Lutz, previously known as LuAnn Connors, resides at 437 Belvidere Street, Apartment F-3, Nazareth PA 18064-2325.

4. Plaintiff, LuAnn Lutz, previously known as LuAnn Connors, is the lawful designated beneficiary of the employee benefit plans including the Munich Reinsurance America Savings Plan (hereinafter referred to as the "Plan").

5. Defendant Joan L. Zaun as Administratrix of the Estate of Michael J. Connors, deceased, has an address at c/o Fox Rothschild LLP, 10 Sentry Parkway, Suite 200, PO Box 3001, Blue Bell, PA 19422-3001 (hereinafter referred to as the "Estate").

6. Defendant, Munich Reinsurance America Inc. is the sponsor of the Munich Reinsurance America Inc. Savings Plan which is an ERISA qualified employee benefit plan provided by the Decedent's employer to the Decedent Michael J.

Connors and has a principal place of business at 555 College Road East, Princeton, New Jersey 08543.

7. Defendant Vanguard Group, Inc. ("Vanguard") is the Plan Administrator of the Munich Reinsurance America Inc. Savings Plan and has a principal place of business at 100 Vanguard Blvd., Malvern, PA 19355 with a mailing address at PO Box 1101, Valley Forge, PA 19482.

## FACTS, PROCEDURAL BACKGROUND AND ALLEGATIONS

8. Plaintiff herein, LuAnn Lutz, previously known as LuAnn Connors (hereafter "LuAnn Lutz") and Decedent, Michal J. Connors were married on November 2, 1986 in Dover, New Jersey.

9. On November 6, 1992, the Decedent designated LuAnn Lutz as beneficiary of his Munich Reinsurance America Inc. incentive savings plan (the "Plan") provided through his employer. Attached hereto as Exhibit "A" is a true and correct copy of the plan. Attached hereto as Exhibit "B" is the beneficiary designation form.

10. Subsequently, the Decedent and LuAnn Lutz moved their residence from New Jersey to 1658 Middle Road, Bethlehem, Northampton County, Pennsylvania.

11. Subsequently, the Decedent filed a complaint in divorce with the Court of Common Pleas of Northampton County, Pennsylvania which was docketed at 1998-C-5659.

12. On or about January 11, 1999, a divorce decree was entered confirming that the Decedent and LuAnn Lutz were divorced from the bonds of matrimony.

13. On or about February 28, 2011, the Decedent died without ever having changed the beneficiary designation for the Plan.

14. On June 23, 2011, the Defendant Estate filed a Petition to Enforce a Property Settlement Agreement entered into by the Decedent and Plaintiff which was incorporated into the divorce decree referred to above.

15. The Defendant Estate claims that the Property Settlement Agreement between the Decedent and the Plaintiff resolve all the economical issues relating to the divorce and that the Plaintiff LuAnn Lutz waived any interest that she may have had in any retirement savings plans of the Decedent, including but not limited to, the Plan currently at issue.

16. The agreement was signed by the Plaintiff and the Decedent, however it was not notarized, nor was it signed in the presence of the Plan Administrator and it did not designate a replacement beneficiary of the plan benefits.

17. Section 13.16 of the Plan states the following in relevant part:

<u>Controlling Law</u>  The Plan is intended to qualify under Code Section 401(a) and 401(k) and to comply with ERISA, and its terms shall be interpreted accordingly. Otherwise, to the extent not preempted by ERISA, the laws of the State of New Jersey, without regard to principles of choice of laws, shall control the interpretation and performance of the terms of the Plan. (See page 79 of the Plan attached hereto as Exhibit "A".

18. The Property Settlement Agreement relied upon by the Defendant Estate as a waiver of the Plaintiff's beneficiary rights does not meet the ERISA criteria of written spousal consent to waive spousal rights to benefits or that of a Qualified Domestic Relations Order.

19. Plaintiff has previously and continues to be the designated beneficiary according to the terms of the Plan.

20. Since the plan is an ERISA plan, the plan documents continue to control the administration of the Plan and further the objectives of a national uniform administrative format.

21. At all times material hereto, the Plaintiff's status as the designated beneficiary under the Plan in question has not changed despite the divorce of Decedent and Plaintiff and death of the Decedent.

22. For the above-mentioned reasons, the terms of the Property Settlement Agreement are void and unenforceable against the Plaintiff.

23. Plaintiff is entitled to counsel fees associated with her defense of the State Court proceedings and pursuit of this action pursuant to 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff LuAnn Lutz prays:

(a) Declaring those portions of the Property Settlement Agreement between the Plaintiff and the Decedent that address any purported waiver of Plaintiff's rights and the Decedent's Munich Reinsurance America Inc. Savings Plan as void and unenforceable and of no effect;

(b) Declaring the Property Settlement Agreement as invalid for failure to meet the criteria set forth in ERISA;

(c) Declaring what rights Plaintiff has in the benefits of the Plan;

(d) Declaring that the Plan Administrator Vanguard and the Plan sponsor Munich Reinsurance, Inc. shall be obligated to pay Plaintiff in accordance with the terms of the Plan;

(e) Awarding Plaintiff, LuAnn Lutz counsel fees and the costs of this suit to be paid by the Defendant Estate pursuant to 29 U.S.C. § 1132(g).

Respectfully Submitted,

By _____
Charles Bruno, Esq.
Pfeiffer & Bruno, PC
ID# 52812
44 N. 2nd Street, PO Box 468
Easton, PA 18044-0468
(610)258-4003

DATED: Oct. 24, 2011